IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA *ex rel*,
CLIFF BERGLUND,

                                                    CV 02-193-AS

               Plaintiff,

                              FINDINGS AND RECOMMENDATION

    v.

THE BOEING COMPANY,

               Defendant.
_____

ASHMANSKAS, Magistrate Judge:

## BACKGROUND

    Relator, Cliff Berglund, filed a Second Amended Complaint alleging defendant, the Boeing Company (Boeing), committed fraud on the United States government pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3729-3733 (FCA). Berglund alleged, among other things, that Boeing submitted false claims to the United States by delivering contractually

1 - FINDINGS AND RECOMMENDATION                                                          [LB]

nonconforming aircraft parts to agencies of the United States. The United States declined to intervene in this action.[1]

Pursuant to Fed. R. Civ. P 12(b)(6), Boeing moved the court to dismiss Count One of Berglund's Second Amended Complaint on the grounds that Berglund did not: (a) allege that Boeing's quality system fraudulently approved the parts at issue; (b) identify any claims for payment to the government; (c) describe any of the circumstances of the alleged fraud on the government; and (d) allege, with respect to the Export-Import Bank claim, any defaults or other loss actionable under the FCA.

Following oral argument, the court issued a Findings and Recommendation, dated June 1, 2006, denying Boeing's motion to dismiss and, by separate order, directing Berglund to file a Third Amended Complaint that was identical in all respects to the Second Amended Complaint except to include a copy of Boeing's "General Certification."  Berglund filed the Third Amended Complaint on June 8, 2006.  The period for filing objections to

---

[1] On October 4, 2006, the United States filed an Amicus Curiae Memorandum in Connection with Defendant's Motion to Dismiss Count One of Relator's Third Amended Complaint.  In that Memorandum the government stated that it "takes no position on either the merits of this case or Boeing's pending Motion to Dismiss."  Rather, the government filed the Memorandum to express its concern that "case law interpreting and applying the False Claims Act . . . develop in a manner that is consistent with the language and purposes of the Act."  At this juncture, the court will decide only Boeing's pending motion to dismiss and decline to recommend a resolution of the issues raised by the United States in the Amicus Curiae Memorandum.

2 - FINDINGS AND RECOMMENDATION                                    [LB]

the Findings and Recommendation or requesting additional time to file objections closed on June 16, 2006. No objections or requests for additional time were filed and that decision was adopted in its entirety on June 22, 2006, by order of the court.

After Berglund filed his Third Amended Complaint (TAC),[2] Boeing again filed a Motion to Dismiss Count One of the TAC, pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure for failing to: (1) comply with this court's order, and (2) demonstrate that Boeing had falsely certified to the government that parts were produced without deviation from Boeing's internal specifications. Oral argument was heard and for the reasons set forth below, Boeing's Motion to Dismiss Count One of Relator's Third Amended Complaint should be denied.

## DISCUSSION

### I. Failure to Comply with the Court's Order

Boeing charges that Count One must be dismissed because Berglund "failed to comply with the Court's order to produce a document that relator represented he could produce and upon which the Court relied in denying Boeing's motion for dismissal."

---

[2] Berglund subsequently filed a "Corrected Third Amended Complaint" to correct "unintended variances from the Second Amended Complaint." The parties agreed that pleadings referring to the Third Amended Complaint applied to the Corrected Third Amended Complaint. As such, the court will construe the Corrected Third Amended Complaint as supplanting the original Third Amended Complaint and refer to the Corrected Third Amended Complaint simply as the Third Amended Complaint or TAC.

3 - FINDINGS AND RECOMMENDATION                                    [LB]

Specifically, Boeing contends that Berglund failed to attach to the TAC a copy of Boeing's "General Certification" or any other certification of compliance to Boeing's internal specifications.

The term "General Certification" was fashioned by the court, not Berglund, and was inexact. Although the language was awkward, the court was seeking clarification of the process by which Boeing certifies that all planes and parts sold to the United States conform to contract specifications and the Federal Aviation Administration's (FAA) regulations. In response to the court's order, Berglund submitted a TAC that included allegations describing the quality-assurance and certification regimen to which Boeing was subjected by operation of law, including the requirement that Boeing adhere to its quality and manufacturing requirements, as well as allegations regarding specific certification forms that Boeing must either complete or supply information and such forms are necessary for both airworthiness certification and payment by the United States. The court finds that Berglund complied with its order.

Boeing also is concerned that the purposes of 28 U.S.C § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure have been thwarted in this case. To the extent the confusion surrounding Berglund's description of a certification scheme, and this court's interpretation of that scheme, prejudiced Boeing's right to file objections to the original Findings and

Recommendation, the court notes that, by virtue of this Findings and Recommendation, Boeing will once again have the opportunity for *de novo* review by an Article III judge regarding whether the allegations of Berglund's TAC satisfy the requirements of the FCA and Rule 9(b). Moreover, notwithstanding the false certification issue, Boeing does not contend it was impeded from objecting to any other ground set forth in the Findings and Recommendation filed on June 1, 2006.

Berglund adequately responded to the court's order to provide the certifications upon which he relies in support of his allegations that Boeing violated the FCA. The court is satisfied that Berglund complied with its order and that Boeing has not been prejudiced by the process. Boeing's motion to dismiss Count One for failing to comply with the court's order should be denied.

## II. FAILURE TO PLEAD WITH PARTICULARITY - Rule 9(b)

Count One of Berglund's TAC alleges violations of the FCA under 31 U.S.C. § 3729(a)(1) and (a)(2). Those provisions provide for treble damages and civil penalties when someone:

> (1) knowingly presents, or causes to be presented to an officer of employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval; [or] (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government.

31 U.S.C. § 3729(a)(1) and (a)(2). The FCA is an anti-fraud

statute and, as such, complaints brought under the FCA must fulfill the requirements of Rule 9(b) of the Federal Rules of Civil Procedure so that defendants accused of defrauding the federal government have the same protections as defendants sued for fraud in other contexts.  See, e.g., Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001).

Boeing contends once again that Berglund failed to plead fraud, specifically the false certifications, with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. Boeing insists that to avoid dismissal of Count One, Berglund must identify a certification by Boeing to the United States that each delivered aircraft was produced without variation from Boeing's BAC 5008 and BAC 5440 manufacturing process specifications.  Such a showing is not required by section 3729(a) and the law of this circuit at this stage of the proceedings.  Rather, to comply with Rule 9(b), Berglund must set forth allegations of fraud specific enough to give Boeing notice of the particular misconduct that is alleged to constitute the fraud charged so they can defend against the charge and not just deny that they have done anything wrong.  Id. at 1019 (quotation and citation omitted).  Moreover, on a motion to dismiss, the court assumes that the facts as alleged are true, and examines only whether Berglund's allegations support a cause of action

6 - FINDINGS AND RECOMMENDATION                              [LB]

under the FCA. See Zimmerman v. City of Oakland, 255 F.3d 734, 737 (9th Cir. 2001).

While there is some dispute between the parties whether FCA liability in this case is premised on a "false certification" or "product substitution" it is clear from reading the TAC that Berglund premises FCA liability on Boeing's alleged failure to follow its internal specifications in manufacturing enumerated planes and parts as required by FAA regulations; its delivery of the nonconforming planes and parts to the United States; and the seeking of payment without informing the government of the deviations in the manufacturing process in violation of federal law. Thus, regardless of the parties' characterization of the FCA claim here, section 3729(a) and case law require that an express or implied "false statement" of compliance with federal law, including federal regulations, was made in exchange for payment by the government. See, e.g., Shaw v. AAA Eng'g & Drafting, Inc., 213 F.3d 519, 531 (10th Cir. 2000); United States ex rel. Hopper v. Anton, 91 F.3d 1261 (9th Cir. 1996); United States ex rel. Holder v. Special Devices, Inc., 296 F.Supp.2d 1167 (C.D.Cal. 2003). To aid in the liability determination, the court must consider: "(1) whether the false statement is the cause of the Government's providing the benefit; and (2) whether any relations exist between the subject matter of the false

statement and the event triggering Government loss." <u>Hopper</u>, 91 F.3d at 1266; <u>accord</u> <u>Holder</u>, 296 F.Supp. at 1174.

Berglund alleges in the TAC that Boeing entered into contracts with the United States to manufacture aircraft in accordance with its internal processes, including BAC 5008 and 5440, and FAA regulations; Boeing is bound by its contracts with the United States to adhere to its internal processes; Boeing did not adhere to the processes set forth in BAC 5008 and 5440 when it knowingly (knew or should have know) deviated from those processes in manufacturing of specified aircraft parts; Boeing delivered nonconforming planes and parts to the United States; and Boeing did not notify the United States that it deviated from those processes in manufacturing specified aircraft parts when it sought payment under the contracts.

In sum, Berglund alleges that contract requirements dictated that Boeing comply with all applicable design and manufacturing requirements set forth in the contracts.  Boeing failed to follow those internal specifications in accordance with and FAA regulations, i.e., federal law requires all delivered aircraft conform to internal specifications.  Because FAA regulations and the contracts between Boeing and the United States specifically require compliance with internal specifications it was a condition of payment by the government.  Boeing violated the FCA

when it sought payment without meeting the conditions for payment.

The TAC also references three forms in which a certification is required by federal law that the airplane conforms except as otherwise noted. Specifically, the forms are: (1) Material Inspection and Receiving Report, Form DD-250, pursuant to which the United States accepts the aircraft based upon presentation by Boeing and provides that the vehicle "conform[s] to contract, except as noted herein or on supporting documents;" (2) Application for U.S. Airworthiness Certificate, FAA Form 8130-6, which requires the certifier, either Boeing or a purchaser relying on Boeing's representations of conformity -- to complete this box: "the aircraft does not meet the applicable airworthiness requirements as follow[s];" and (3) Statement of Conformity, FAA Form 8130-9, in which the "Signature of Certifier" on such forms certifies that the aircraft was manufactured in accordance with its Type Certificate. Finally, Berglund alleges that the certifications needed for procurement of the Type and Manufacturing Certificates required Boeing to certify its systems and procedures, including its quality system, and ensure conformity therewith.

While it is true that the DD-250 forms, standing alone, do not create FCA liability, unless they are invoices, they are germane in the larger context of whether Berglund is able to

state a claim.  Compare United States ex rel. Butler v. Hughes Helicopters, 71 F.3d 321, 330 (9th Cir. 1995) with United States ex rel. Fallon v. Accudyne, 921 F.Supp. 611, 619 (D. Wis. 1995). As discussed above, Berglund has provided specific allegations beyond the DD-250 forms to include a framework by which it is alleged that Boeing must certify conforming planes and parts in order to be in compliance with its government contracts and applicable law.  Assuming the truth of all the allegations set forth by Berglund, the court finds that the requirements of Rule 9(b) have been met.

Thus, despite the particularity requirements of Rule 9(b), Berglund certainly is not required at this juncture to *demonstrate* or *prove*, i.e., submit evidence, that Boeing violated the FCA when it certified the planes as conforming by delivering them to the government and accepting payment in return.  Rather, his burden under Rule 9(b) is simply to set forth specific allegations regarding the FCA violations so that Boeing has notice of the particular misconduct that is alleged to constitute the fraud charged.  See, e.g., Bly-Magee, 236 F.3d at 1019.  That standard has been met.  Whether Berglund will ultimately prevail on his FCA violations is not for the court to decide at this time.  Indeed, the court has determined only that the allegations set forth in the TAC are sufficient to satisfy the requirements of the FCA and Rule 9(b) and, thus, will survive Boeing's motion

to dismiss Count One. Accordingly, Boeing's Motion to Dismiss Count One of Relator's Third Amended Complaint should be denied.

## CONCLUSION

Based on the foregoing, Boeing's Motion to Dismiss Count One of Relator's Third Amended Complaint should be denied.

Dated this __7__ day of December 2006.


                                                  /s/Donald C. Ashmanskas
                                                    Donald C. Ashmanskas
                                        United States Magistrate Judge


## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due December 22, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.