IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA *ex rel*,
CLIFF BERGLUND,

                       Plaintiff,

      v.

THE BOEING COMPANY,

                       Defendant.

03:02-cv-193-AC

OPINION AND ORDER

ACOSTA, Magistrate Judge:

      Before the court is The Boeing Company's ("Boeing") Bill of Costs. On December 14, 2011, this court entered a Judgment (doc. #227) in favor of Boeing and dismissing Cliff Berglund's Third Amended Complaint, with prejudice, as a sanction for Berglund's deliberate and deceptive conduct over the course of this litigation. On January 11, 2012, Boeing filed its Bill of Costs (doc. #231)

1 – OPINION AND ORDER

seeking $12,000 in costs as the prevailing party in this action. Berglund filed no objections to Boeing's request for costs. For the reasons set forth below, the court grants, in part, and denies, in part, Boeing's Bill of Costs.

*Legal Standard*

Rule 54(d)(1) provides "costs – other than attorney's fees – should be allowed to the prevailing party." FED R. CIV. P. 54(d)(1). The specific items a prevailing party may recover as costs are listed in 28 U.S.C. § 1920.[1] In the Ninth Circuit, this rule creates a presumption in favor of awarding costs to a prevailing party; if a district court departs from that presumption, it must provide an explanation so the appellate court can determine whether the district court abused its discretion. *See, e.g., Association of Mexican-Am. Educators v. California,* 231 F.3d 572, 591 (9th Cir. 2000) (*en banc*) (If disallowing costs, the district court should "explain why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs."). *See also Save Our Valley v. Sound Transit,* 335 F.3d 932, 945 (9th Cir. 2003) (district court "need

---

[1] 28 U.S.C. § 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

2 – OPINION AND ORDER

only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award"). The trial court has wide discretion in awarding costs under FED R. CIV. P. 54(d) and is "free to construe the meaning and scope of the items enumerated as taxable costs . . . ." *Kelley v. Sears, Roebuck, and Co.*, No. 01-1423-ST, 2004 WL 1824121, *3 (D. Or. Aug. 10, 2004).

Pursuant to Local Rule 54.1(a)(1), the prevailing party must provide a "detailed itemization of all claimed costs" and "appropriate documentation." In addition, LR 54.1(a)(2) states that the cost bill must be verified as required by 28 U.S.C. § 1924, which requires an affidavit that the items within the cost bill are correct, have been necessarily incurred in the case, and that the services for which fees have been charged were actually and necessarily performed. Simply filing a list of charges without supporting documentation is not "appropriate documentation." *See, e.g., Primerica Life Ins. Co. v. Ross*, No. 06-763-PK, 2006 WL 3170044, *3 n.2 (Nov. 1, 2006) (statement of total amount of costs unaccompanied by information that would allow court to exercise discretion to determine reasonableness of costs not sufficient documentation).

## *Analysis*

Boeing submitted a Bill of Costs seeking $12,000 for the following fees: Clerk ($100), printed or electronically recorded transcripts ($11,535), disbursements for printing ($221), exemplification and cost of making copies ($124), and docket ($20). In support of its request for reimbursement of costs, Boeing provided an itemization, including the total amount sought for each requested category of expense, a breakdown of the expenses that comprised a particular category, and the date the costs were incurred. (Calvin L. Keith Decl. Exs. A-D, Jan.11, 2012; *see also Berglund v. Boeing*, 3:02-cv-00193-AC (doc. #75) (*Pro Hac Vice* Application Fee in amount of $100

3 – OPINION AND ORDER

collected by court).) Additionally, in a declaration filed with the court, Keith affirmed: "The sums listed in Boeing's Bill of Costs accurately reflect the costs Boeing incurred for each item listed." (Keith Decl. ¶ 2.) The court is satisfied Boeing has properly verified the cost bill in accordance with the requirements of LR 54.1, and now turns to the specific items requested.

I. Cost Items

   A.   *Filing Fees – 28 U.S.C. § 1920(1)*

Boeing seeks to recover money paid to the Clerk, specifically, a $100 *pro hac vice* application fee. A prevailing party may recover "[f]ees of the clerk[.]" 28 U.S.C. § 1920(1). There is nothing in the record before the court to indicate Boeing should not recover this fee paid. Nor has Berglund objected to the requested amount. Accordingly, the court allows this cost in the amount of $100.

   B.   *Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for use in the Case – 28 U.S.C. § 1920(2)*

Over ninety-five percent ($11,535) of the claimed costs in this case consist of court reporter fees and the cost of video recording the transcribing Berglund's deposition. (Keith Decl. ¶ 3; Ex. A and B.) Specifically, Boeing expended $10,908 for a court reporter and videographer at Berglund's deposition, and to obtain copies of the deposition transcript. The balance of the requested amount, $627, was spent to obtain transcripts of court hearings held in this matter.[2] According to Boeing, Berglund's deposition transcripts and associated videography were necessary

---

[2] Boeing does not identify the court hearings for which transcripts were ordered; nor do the invoices submitted in support of the requested charges resolve the question definitively. However, a comparison of the dates of the court reporter invoices submitted by Boeing and the docket sheet in this case reveals the transcripts were from hearings on April 17, 2006 (doc. # 87) and October 10, 2006 (doc. # 116).

4 -- OPINION AND ORDER

in establishing Boeing's defenses, and the transcripts were relied upon by Boeing in its Motion for Summary Judgment and Motion for Sanctions. (Def.'s Mem. Supp. Bill of Costs. 3.)

Under 28 U.S.C. § 1920(2), a prevailing party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" *See also* FED. R. CIV. P. 54(d)(1) ("costs . . . should be allowed to the prevailing party"). "Depositions are 'necessary' if introduced into evidence or used at trial for impeachment or cross-examination." *Arboireau v. Adidas Salomon AG,* No. 01-105-ST, 2002 WL 31466564, at *5 (D. Or. June 14, 2002). The cost of a deposition not used at trial still may be recovered "if taking the deposition was reasonable as part of the pretrial preparation of the case rather than merely discovery for the convenience of counsel, or if the deposition was required for a dispositive motion." *Id.*; *see also Sea Coast Foods, Inc. v. Lu-Mar Lobster and Shrimp, Inc.,* 260 F.3d 1054, 1061 (9th Cir. 2001) (in calculating an award of costs, a court may, it its discretion, tax deposition and copying costs even if the items in question were not used at trial). Disallowance of expenses for depositions not used at trial is within the district court's discretion. *Washington State Dep't. of Transp. v. Washington Natural Gas Co., et. al.,* 59 F.3d 793, 806 (9th Cir. 1995).

With respect to the requested $627 for the cost of obtaining transcripts of court hearings in this case, Berglund has lodged no objection. Additionally, a disputed issue during both hearings in 2006, was whether Berglund could amend his Complaint filed in this case to include some evidence of a false certification of compliance with federal law. The transcripts from each hearing were necessary for Boeing to defend Berglund's claim during oral argument that such a certification was made. Accordingly, the court allows the $627 cost for transcripts from court hearings.

The court next considers Boeing's request for $10,908 for Berglund's video deposition, including transcripts. Berglund's deposition took place over three days, January 26-28, 2010, and resulted in the three volumes of written transcripts. Once again, Berglund does not object to the transcript, court reporter, and videographer costs for his deposition. Further, as a general observation, obtaining copies of deposition transcripts for counsel's use at trial is a common practice in this district and, generally, is reasonably calculated to properly prepare for trial and within Rule 54's "necessity" requirement.

As plaintiff, Berglund's testimony regarding the allegations in his Third Amended Complaint was imperative for both Boeing's summary judgment and sanctions motions, and in the event of trial. As it turned out, it was Berglund's deposition testimony that provided some evidence of his deceptive practices, which led directly to the dismissal of Berglund's claims against Boeing. Thus, there can be no question Boeing is entitled to costs necessarily associated with deposing Berglund.

More difficult is deciding whether Boeing is entitled to recover the costs incurred in videotaping Berglund's deposition, in addition to the cost to obtain the printed transcript. Boeing provides no explanation or justification for the decision to videotape Berglund's deposition. In *Puella v. Intel Corporation*, No. 08–1427–AC, 2010 WL 3361089 (D. Or. Aug. 25, 2010), *aff'd*, ___ Fed. Appx. ___, 2012 WL 192572 (9th Cir. 2012), this court denied a similar request supported by this rationale:

> The demeanor of any witness, including the plaintiff in an employment lawsuit, is important in any case. That general principle, however, should not automatically convert a videographer's fee into a recoverable item of cost where a court reporter also attended and transcribed the deposition and the party seeking to recover the videographer's cost does not offer one or more reasons specific to the case to justify an award of costs for both items. Routinely allowing recovery of the cost incurred

for both the court reporter's transcript and a separate videographic record of depositions duplicates deposition costs without purpose.

*Puella*, 2010 WL 3361089, at *3. *See also Davico v. Glaxosmithkline Pharmaceuticals*, CV No. 05-6052-TC, 2008 WL 624049, at *2 (D. Or. Jan. 23, 2008) ("In short, if a party wishes to videotape a deposition that is not a perpetuation deposition, it may certainly do so at its own expense, but this court is not going to pass on what it views to be an unnecessary expense to the other party by awarding such in a bill of costs."); *McCallum v. Boise Cascade, LLC*, CV No. 06-1834-ST, 2008 WL 5111122 (D. Or. Nov. 28, 2008) (court denies costs for videotaping plaintiff's deposition when no explanation was offered in support of the requested cost).

Rule 54(d) has a necessity requirement, which has not been met by Boeing in its request for $10,908 for the video deposition of Berglund. Boeing has provided no explanation for why a video deposition was needed or why a written deposition transcript would not have sufficed. Based on the invoices submitted by Boeing, the court is unable to distinguish the amount requested for the printed deposition transcripts versus for the videography costs. In the absence of documentation, the court will estimate the cost of the written deposition transcript and reduce the requested amount by two-thirds. Accordingly, the court allows $3,709 for the printed deposition transcripts and $627 for the transcripts from court proceedings.

    C.    *Fees and Disbursements for Printing – 28 U.S.C. § 1920(3)*
           *Fees for Exemplification and Copies – 28 U.S.C. § 1920(4)*

Boeing requests $345 in costs incurred in printing ($221) and photocopying ($124) materials necessarily obtained for used in this case. (Def.'s Mem. Support Bill of Costs 3; Keith Decl. ¶ 4.)

Boeing submitted invoices to show it incurred and paid the $345 copying and printing expenses, but it offered no explanation for the purpose of the copied and printed documents for which in now requests reimbursement.

A prevailing party may recover "[f]ees and disbursements for printing" and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. §§ 1920(3) and (4). Copying costs for documents produced to opposing parties in discovery, submitted to the court for consideration of motions, and used as exhibits at trial are recoverable. *Arboireau,* 2002 WL 31466564, at *6 (*citing Fressell v. AT & T Tech., Inc.,* 103 F.R.D. 111, 115-16 (N.D. Ga. 1984)). However, recoverable copying costs "do 'not include extra copies of filed papers, correspondence, and copies of cases since these are prepared for the convenience of the attorneys.'" *Id.* (citation omitted). Recoverable copying costs also do not include costs associated with in-house photocopying for use by counsel. *Frederick v. City of Portland,* 162 F.R.D. 139, 144 (D. Or. 1995). A party's conclusory assertion that all copies were reasonably necessary to its case is, by itself, insufficient. *Kraft v. Arden,* No. 07-487-PK, 2009 WL 73869, at *9 (D. Or. Jan. 8, 2009). *See also Arboireau,* 2002 WL 31466564, at *6 (same).

Boeing requests an award of copying and printing costs totaling $345, but asserts only the costs were "necessarily obtained for use in this case." (Def.'s Mem. Supp. Bill of Costs 3.) In *Key Bank Nat'l Ass'n v. Van Noy,* 598 F. Supp. 2d 1160 (D. Or. 2009), Judge Hubel denied copy costs to the prevailing party because the prevailing party failed to explain the nature of the photocopying charges and the court could not determine which costs, if any, were properly awardable. *Id.* at 1168.

8 – OPINION AND ORDER

Here, in support of its request, Boeing has offered only a conclusory assertion and failed to make an adequate showing of its entitlement to recovery for copying and printing costs under 28 U.S.C. §§ 1920(3) and (4). The exhibits attached to verify Boeing's print and copy costs reflect only the date and amount of the charges for the print-outs and copies but do not describe the purpose for which the documents were printed or copied. The court is in no better position here than was Judge Hubel in *Key Bank* to determine the nature of the photocopying charges and which costs, if any, were properly awardable. Accordingly, the court disallows this item of cost in its entirety.

D.  *Docket Fees – 28 U.S.C. § 1920(5)*

Finally, pursuant to 28 U.S.C. § 1923, Boeing requests the statutory prevailing party fee of $20. A prevailing party may recover a docket fee "under section 1923 of this title." 28 U.S.C. § 1920(5). Section 1923(a) provides: "Attorney's and proctor's docket fees in courts of the United States may be taxed as costs as follows: $20 on trial or final hearing (including a default judgment whether entered by the court or by the clerk) in civil, criminal, or admiralty cases [.]" There is nothing in the record before the court to indicate Boeing should not recover this fee paid. Nor has Berglund objected to the requested amount. Accordingly, the court allows this cost in the amount of $20.

*Order*

Based on the foregoing, Boeing's Bill of Costs (doc. #231) is GRANTED, in part, and DENIED, in part as follows:

| | |
|---|---|
| Fees of the Clerk: | $ 100 |
| Fees for Printed or Electronically Recorded Transcripts: | $4336 |
| Fees and Disbursements for Printing: | $    0 |
| Fees for Exemplification and Copies: | $    0 |
| Docket Fees: | $   20 |
| TOTAL COSTS AWARDED: | $4,456 |

IT IS SO ORDERED

DATED this ___ day of February 2012

_____
John V. Acosta
United States Magistrate Judge