IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA *ex rel,*
CLIFF BERGLUND,

                              Plaintiff,

      v.

THE BOEING COMPANY,

                              Defendant.

03:02-cv-193-AC

OPINION AND ORDER

ACOSTA, Magistrate Judge:

      Presently before the court is The Boeing Company's ("Boeing") Statement of Costs Pursuant

to the Court's December 13 Order.[1] On December 14, 2011, this court entered a Judgment in favor

---

      [1]On January 11, 2012, Boeing filed its Statement of Costs, seeking an award of attorney
fees and costs in the amount of $108,197. In support of its request for attorney fees and costs,
Boeing submitted the Declaration of Steve Y. Koh. After reviewing the materials submitted by
Boeing, the court determined Boeing's documentation was inadequate for the court to review the

1 – OPINION AND ORDER                                            [LB]

of Boeing and dismissing Cliff Berglund's Third Amended Complaint, with prejudice, as a sanction for Berglund's deliberate and deceptive conduct over the course of this litigation. In addition to the dismissal sanction, the court imposed two monetary sanctions. Specifically, Berglund was ordered to pay Boeing's reasonable costs and attorney fees arising directly from: (1) his "failure to produce the third hard drive[,]" contrary to this court's March 11, 2010 order; and (2) Boeing's "investigation and discovery of the altered emails[.]" *U.S. ex rel. Berglund v. Boeing Co.*, __ F. Supp. 2d __, 2011 WL 6182109, *at 33 (D. Or. 2011).

Boeing now seeks $108,197 in fees and costs[2] "directly arising from [Berglund] altering emails and destroying his hard drive." (Steve Koh Decl. ¶ 10, Jan. 11, 2012 (hereinafter "First Koh Decl.").) For the reasons that follow, Boeing's request for attorney fees and costs is granted, in part, and denied, in part. Boeing is awarded attorney fees and costs in the amount of $74,964.50.

*Background*

The facts of this case have been thoroughly detailed in this court's written decision dismissing Berglund's Third Amended Complaint as a sanction for Berglund's conduct of altering and deleting emails, discarding three hard drives, and lying under oath. *See Berglund*, __ F. Supp.

_____

fee petition and determine whether the requested rates and hours were reasonable and necessary. As such, the court directed Boeing's counsel to this district's Local Rule 54-3 regarding attorney fees motions, and its policy on fee petitions. The court ordered Boeing to submit sufficient documentation to allow this court, and opposing counsel, to review the reasonableness of the time spent on each task for which fees were sought in this matter. In addition, Boeing was ordered to provide justification for all requested hourly rates that were greater than those provided for in the Oregon State Bar Economic Survey.

[2]On January 11, 2012, Boeing filed its Bill of Costs (doc. #231) seeking $12,000 in costs as the prevailing party in this action. *See* FED. R. CIV. P. 54 (d)(1). On February 29, 2012, the court issued a decision granting, in part, and denying, in part, Boeing's requested prevailing party costs. The costs sought by Boeing in this motion are separate from those requested in Boeing's Bill of Costs.

2d __, 2011 WL 6182109.  The parties and the court are very familiar with the lengthy procedural and factual history of this dispute and, as such, the background will not be restated here.

*Legal Standard*

The calculation of a reasonable fee award usually involves two steps. First, the court must calculate the "lodestar figure" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked.  *See, e.g., Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1993).  In determining the lodestar figure, the court may consider the factors set forth in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975).  These factors include the novelty or difficulty of the case, the preclusion of other employment, time limitations, the amount at stake, the results obtained, and the undesirability of the case.  *Id.*

The court must review the petition for reasonableness, even if no objection has been raised to the number of hours billed or the hourly rate used.  *Gates,* 987 F.2d at 1401; "Message From the Court Regarding Attorney Fee Petitions," United States District Court, District of Oregon, *available at* http://www.ord.uscourts.gov/attorney_fee_statement.pdf (last visited April 25, 2012). The district court possess "considerable discretion" in determining the reasonableness of a fee award.  *Webb v. Ada County,* 195 F.3d 524, 526 (9th Cir. 1999).  While there is a strong presumption that the lodestar figure represents a reasonable fee, *see, e.g., Miller v. Los Angeles County Bd. of Educ.,* 827 F.2d 617, 621 (9th Cir. 1987), the court may adjust the lodestar upward in "rare" and "exceptional" cases. *See Pennsylvania v. Citizens' Council for Clean Air Delaware Valley,* 478 U.S. 546, 565 (1986).

*Analysis*

Boeing's total fee and cost request is $108,197.[3]  Boeing arrives at the $108,197 figure by multiplying the total hours expended on the computer destruction and altered emails by the respective hourly rates, plus travel and legal research costs.  Specifically, Boeing seeks an order approving, as reasonable, the hourly rates of $336 for Steve Koh and $384 for Calvin Keith, both partners in their law firm; $203 and $250 as hourly rates for two associate attorneys, Diane Meyers and Ryan Spear, respectively, $158 hourly for paralegal Tricia Doyal and $72 hourly for paralegal assistant Jamaica Wilson.  In addition, Boeing requests a finding that 343.1 hours expended by counsel, along with 55.5 hours incurred by a paralegal and her assistant, were reasonable and necessarily incurred as arising directly from Berglund's failure to produce the third hard drive and discovering and investigating his altered emails.  Finally, Boeing asks for reimbursement for travel,

---

[3]The breakdown for Boeing's hours, rates, travel and legal research:

| Attorney | Hours | | Rate | Total |
|---|---|---|---|---|
| Steve Koh | 124.90 | x | $336 | $41,957 |
| Calvin Keith | 29.60 | x | $384 | $11,364 |
| Diane Meyers | 51.10 | x | $203 | $10,373 |
| Ryan Spear | 137.50 | x | $250 | $34,443 |
| | | | | |
| **Paralegal** | **Hours** | | **Rate** | **Total** |
| Tricia Doyal | 51.10 | x | $158 | $ 8,076 |
| Jamaica Wilson | 4.4 | x | $ 72 | $ 316 |

**Costs for Travel to Berglund's Deposition**          $   825

**Costs for Travel on Motion for Sanctions**          $   469

**Westlaw Charges on Motion for Sanctions**          $   384

(Def.'s Statement of Costs Pursuant to Court's December 13 Order 2.)

$1,294, and legal research, $384, costs related to Berglund's computer destruction and altered emails.

Berglund maintains the fees sought by Boeing are excessive and unsupported by appropriate evidence. Specifically, Berglund contends Boeing's fee request is "dramatically overreaching" and it challenges both the number of hours incurred and the hourly rates. (Pl.'s Second Obj. Statement of Costs 2.) In addition, Berglund charges Boeing failed to document adequately its fee request in a number of instances.

I.    Hours Expended

Boeing's fee petition seeks the court's approval for 398.6 hours[4] of work undertaken by four lawyers, one paralegal and one paralegal assistant. Berglund challenges the hours expended on the grounds that: (1) the "deposition time related to the issues on which the [c]ourt granted fees is easily segregable;" (2) the time entries for Boeing's sanctions motion and the reply are "wholly-uninformative and excessive;" (3) Boeing cannot be reimbursed fees for a motion that was never filed; and (4) numerous entries are not correlated to the sanctions proceeding. (Pl.'s Second Obj. Statement of Costs 2, 5, 7-8.)

A.    *Deposition Time*

Boeing requests attorney fees for 79.6 hours related to the taking of Berglund's deposition. Boeing concedes it has "identified all of the time associated with preparing for and taking a three-day deposition of [Berglund]" and argues "it is not feasible to identify a percentage of the deposition

---

[4]The requested hours were expended as follows: (1) 111.7 hours related to discovery and review of Berglund's altered emails and attempts to inspect his home computer; (2) 208.1 hours related to the motion for sanctions; and (3) 79.6 hours related to the taking of Berglund's deposition. (Def.'s Statement of Costs Pursuant to Court's February 10 Order 2.)

attributable to [Berglund's] misconduct." (Def.'s Statement of Costs Pursuant to Court's February

10 Order 2; Steve Koh Decl.¶¶ 2-3, Feb. 24, 2012 (hereinafter "Second Koh Decl.").) Berglund

disagrees and argues the deposition time related to the sanctions award is "easily segregable." (Pl.'s

Second Objection to Statement of Costs 2.)  Berglund explains that a portion of the deposition

testimony was related to the False Claims Act fraud allegations; a portion was related to the

retaliation claim; and a portion was related to the altered email and hard drive destruction issue, with

only the last deposition area providing a basis for fees here.  According to Berglund, of the 756-page

deposition transcript, reflecting three days of testimony, only 59 pages (7.8% of the total) relate to

the altered email and hard drive destruction.  As such, Berglund contends Boeing's fee request

should be reduced accordingly, *i.e.*, Boeing should receive an award of 7.8% of the 79.6 hours

requested for Berglund's deposition.[5]  Boeing does not contend it is entitled to an award of fees for

time expended on the underlying claims in this case, nor did it respond to Berglund's charge that

only 7.8% of the requested time is proper under this court's award for monetary sanctions.

As the fee applicant, Boeing "bears the burden of documenting the appropriate hours

expended in the litigation and must submit evidence in support of those hours worked." *Gates*, 987

F.2d at 1405.  Here, Boeing submits a request for all hours related to taking Berglund's deposition

and simply concludes that apportionment is not feasible.  The court disagrees.  Boeing's entitlement

to fees is grounded solely in Berglund's misconduct for which the court awarded both monetary

sanctions and a dismissal sanction.  With respect to the underlying claims in this case, the parties

---

[5]The court notes that Berglund's proposed fee award calculates 7.8% of *83.80 total hours*
for the deposition testimony, as opposed to the 79.6 hours requested by Boeing. (Notice of
Errata 2.)  The transcription errors in Berglund's "Notice of Errata" are not relevant here.  Rather,
the court will rely on the 79.6 hours documented in Boeing's submission. (Second Koh. Decl.
Ex. A at 10-11.)

6 – OPINION AND ORDER                                            [LB]

stipulated to a dismissal of Count One, with each party bearing its own costs; and the court denied

Boeing's request for summary judgment on Count Two. Clearly, Boeing is not entitled to fees for

work related to either of those claims. Accordingly, the court finds appropriate apportionment of

the hours related to the altered emails and the destruction of the hard drive from the total deposition

hours requested is required under the circumstances. *See, e.g., Hensley*, 461 U.S. at 434-35 ("work

on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result

achieved" (quotations and citation omitted)); *The Traditional Cat Ass'n, Inc. v. Gilbreath*, 340 F.3d

829, 833 (9th Cir. 2003) (court should attempt to apportion fees, basing its award on an

approximation of the fees incurred on successful claims).[6] Further, Boeing's feasability argument

must fail here. The Ninth Circuit has made it clear:

> [T]he impossibility of making an exact apportionment does not relieve the district
> court of its duty to make some attempt to adjust the fee award in an effort to reflect
> an apportionment. In other words, apportionment or an attempt at apportionment is
> required unless the court finds the claims are so inextricably intertwined that even an
> estimated adjustment would be meaningless.

*Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000); *accord The Traditional Cat Ass'n, Inc.*, 340

F.3d at 834.

Having carefully reviewed the parties' arguments on this question and the submitted time

sheets, the court finds that a one-third apportionment is appropriate. The 100% method urged by

Boeing must be rejected for the foregoing reasons, and the 7.8% method proposed by Berglund is

too narrow because it fails to account for the larger context of Berglund's misconduct, occurring

---

[6]Although the cases cited by the court involve apportioning fees for claims unrelated to
the successful claim, the apportionment principles relied upon in those cases is applicable in the
circumstances here. The court will apportion between work related to Berglund's misconduct,
for which fees have been awarded, from the work on the underlying claims in this case, for which
there is no basis for a fee award.

throughout these proceedings, and for the difficulties faced by Boeing in isolating his misdeeds. As such the court will reduce Boeing's requested deposition hours by two-thirds and award Boeing one-third of the requested 79.4 hours.

Boeing's allowable attorney fee award for Berglund's deposition are:

| | | | |
|---|---|---|---|
| 12/11/09 | T. Doyal | 0.70 (.33~x2.1) | Prepare documents in preparation of plaintiff's deposition and for attorney review; |
| 01/07/10 | S. Koh | 0.10 (.33~x.30) | Exchange correspondence with paralegal and associate regarding deposition and preparation; review relator's email correspondence regarding same; |
| 01/08/10 | C. Keith | 0.2 (.33~x0.6) | Correspondence regarding discovery issues; begin preparation of deposition outline; |
| 01/10/10 | S. Koh | 0.50 (.33~x1.5) | Review deposition preparation materials; |
| 01/13/10 | S. Koh | 0.07 (.33~x0.2) | Correspondence with client regarding Berglund deposition; |
| 01/15/10 | T. Doyal | 1.83 (.33~x5.5) | Review and organize documents for witness and attorney review in preparation of upcoming deposition; |
| 01/15/10 | C. Keith | 0.80 (.33~x2.4) | Draft deposition outline; review personnel file; |
| 01/18/10 | C. Keith | 0.53 (.33~x1.6) | Review client documents regarding deposition outline; correspondence regarding discovery; |
| 01/20/10 | C. Keith | 0.47 (.33~x1.4) | Draft deposition outline; review client documents; |
| 01/20/10 | D. Meyers | 0.47 (.33~x1.4) | Prepare materials for preparation for plaintiff's deposition; |
| 01/22/10 | D. Meyers | 1.17 (.33~x3.5) | Prepare materials for plaintiff's deposition; |
| 01/22/10 | S. Koh | 0.27 (.33~x0.8) | Identify exhibits for use in relator's deposition; |
| 01/24/10 | D. Meyers | 0.50 (.33~x1.5) | Review and assess documents and check accuracy of emails in preparation for plaintiff's deposition; |
| 01/24/10 | S. Koh | 1.33 (.33~x4.0) | Review documents to identify exhibits for deposition; review prior emails for subjects for questioning; prepare outline for BAC 5008 questions; |
| 01/25/10 | T. Doyal | 1.67 (.33~x5.0) | Review plaintiff's production and organize documents for witness and attorney review; |

| 01/25/10 | S. Koh | 1.83 (.33~x5.5) | Prepare outline for deposition of relator, gather and organize exhibits; travel to Portland and prepare for first day of deposition; |
| 01/26/10 | S. Koh | 4.17 (.33~x12.5) | Prepare for and depose relator; conference with client and opposing counsel; prepare for further examination; |
| 01/27/10 | S. Koh | 3.90 (.33~x11.7) | Prepare for and depose relator; confer with client and opposing counsel; review employment file and prepare for final day of deposition; |
| 01/27/10 | D. Meyers | 0.97 (.33~x2.9) | Review and provide materials for plaintiff's deposition, including regarding home computer; |
| 01/28/10 | D. Meyers | 0.90 (.33~x2.7) | Review plaintiffs' production for documents identified in plaintiff's deposition; |
| 01/28/10 | S. Koh | 4.17 (.33~x12.5) | Prepare for and depose relator; confer with client and opposing counsel; return to Seattle; exchange correspondence with associate and paralegal regarding tasks. |

(Second Koh Decl. Ex. A at 10-11.)

In addition to its request for reimbursement for the hours expended, Boeing seeks $825 in costs for "travel related to [Berglund's] deposition." (Def.'s Statement of Costs Pursuant to Court's December 13 Order 2.). In his declaration, Koh states "Boeing spent $825 on my travel for Plaintiff's deposition." (First Koh Decl. ¶ 9.) Berglund does not dispute the requested amount, and the court declines to apportion the travel costs because it would be "impossible to differentiate" the sanctions related travel. *See Gracie*, 217 F.3d at 1069-70 (apportionment "might not be required if it is impossible to differentiate between work done on claims" (internal quotations and citation omitted)). Accordingly, the court awards Boeing $825 in travel costs for Berglund's deposition.

B.    *Sanctions Motion*

Next, Boeing seeks reimbursement for 208.1 hours expended on its motion for sanctions filed in this case. Additionally, Boeing asks for $384 in Westlaw charges in preparing the sanctions motion, and $469 for Koh's travel to the motion hearing. Berglund makes several challenges to

Boeing's request for attorney fees and costs related to preparing and arguing its motion for sanctions. The court considers each of the disputed bases below.

### 1. Excessive Time to Prepare

Berglund charges that Boeing expended an excessive amount of time on its opening memorandum for its motion for sanctions. Berglund explains the motion was nineteen pages in length, excluding the caption page, yet an associate attorney, Ryan Spear, spent nearly 86 hours, or 4.5 hours per page, to prepare that motion. According to Berglund, "there is simply no credible justification for this amount of time spent on this short brief." (Pl.'s Second Objection to Statement of Costs 6.) Similarly, Berglund also contests the 32.20 hours billed by Spear for preparing the reply brief on the sanctions motion.

Berglund's conclusory claim that the fee claim is excessive is unhelpful. Indeed, Berglund does not challenge any particular entry as non-compensable; rather, his challenge is generalized. Berglund, however, offers no authority or evidence to suggest these hours are excessive. *See, e.g., Democratic Party of Wash. v. Reed*, 388 F.3d 1281, 1287 (9th Cir. 2004) ("there is one particularly good indicator of how much time is necessary . . . and that is how much time the other side's lawyers spent" on the same task). While the Ninth Circuit has cautioned that a comparison of hours will not necessarily indicate whether the prevailing party's hours were excessive, *see Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1151 (9th Cir. 2001), in absence of any other evidence, the time expended by Berglund would provide a least a starting place of the court to analyze Berglund's claims of excessive time.

Evidence is key to supporting a challenge to requested attorney fees, although it is Boeing's burden to show the requested fees are reasonable and necessary, a documented request for fees may

not be defeated simply by a claim of excessiveness. As the party opposing the fee application, Berglund carries the burden of rebuttal and he is required to submit evidence in challenging the accuracy and reasonableness of the requested hours, or the facts asserted by the prevailing party. *See, e.g., Gates*, 987 F.2d at 1397-98 (citing *Blum v. Stenson*, 465 U.S. 886, 892 n.5 (1984)); *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008) ("[T]he burden of producing a sufficiently cogent explanation [for reducing an excessive fee request] can mostly be placed on the shoulders of the losing parties, who not only have the incentive, but also the knowledge of the case to point out such things as excessive or duplicative billing practices. If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut."); *Quinones v. Chase Bank USA, N.A.*, CV No. 09-2748-AJB(BGS), 2012 WL 1327829, *at 3 (S.D. Cal. 2012) (defendant failed to bear its burden to show specifically why the fees claimed were excessive, duplicative or unrelated).

Finally, the court cannot ignore Boeing's success on its sanctions motion. *See Hensley*, 461 U.S. at 436-37 (court should consider the results obtained when determining whether to reduce an award). There is no question that a dismissal sanction is an extraordinary outcome in any litigation, but there is also no question one was warranted here. The extent and impact of Berglund's misconduct was brought before this court solely due to the efforts of Boeing's counsel. The record of the parties' sanctions litigation shows Boeing expended considerable and relevant effort to illuminate multiple issues pertaining to Berglund's wrongdoing over the course of this litigation. In the absence of any contrary evidence, and on the record before it, the court cannot conclude Boeing took too much time in investigating and documenting the Berglund's deceitful behavior.

[LB]

Accordingly, Berglund's request to reduce, as excessive, the hours expended by Spear in preparing the motion for sanctions is denied.

Additionally, Berglund challenges the "repetitive and uninformative nature" of the time entries because the entries do not "adequately specify the nature of the attorneys' tasks." (Pl.'s Second Objection to Statement of Costs 6; *see also Sterling Savings Bank v. Sequoia Crossing*, CV No. 09-555-AC, 2010 WL 3210855, at *5-6 (D. Or. Aug. 11, 2010).) There are 22 time entries by Spear related to his work on the sanctions motions and, with the exception of a single entry, all entries describe the work as "[p]repare motion for spoliation sanctions." According to Berglund, these entries are insufficient and should be disallowed under the decision in *Sterling*.

Attorneys seeking fees are required to provide a short but detailed description of the work performed. *See, e.g., Tyson v. Oregon Anesthesiology Group, P.C.*, No. 03-1192-HA, 2008 WL 4899166, at *3 (D. Or. Nov. 10, 2008) (upholding hours claims upon finding that counsel submitted thorough and detailed descriptions of tasks completed); *California State Foster Parent Ass'n v. Wagner*, No. 07-5086 WHA, 2009 WL 302303, at *1 (N.D. Cal. Feb. 6, 2009) (ordering prevailing party to submit "detailed description of the work").

Here, the court awarded attorney fees to Boeing as a monetary sanction, and limited the scope of Boeing's reimbursement to, among other things, "costs directly connected with the investigation and discovery of the altered emails, including the deposition preparation for and questioning of Berglund about the altered emails." *Berglund*, ___ F. Supp. 2d ___, 2011 WL 6182109, at *33. The court is not inclined to eviscerate that award unnecessarily. The court granted Boeing's sanctions motion and later ordered that Boeing receive its attorney fees incurred because of Berglund's willful destruction of evidence. Here, it is clear Boeing is requesting reimbursement based on the court's

order, *i.e.*, attorney fees and costs arising from Berglund's wrongdoing.  The time entries provided by Boeing regarding Spear's work on the sanctions motion specifically identify the work performed for the sanctions motion.  *Cf Sterling*, 2010 WL 3210855, *at 6 ("Sterling submitted a substantial number of time entries in which attorneys are described to have exchanged emails, held conferences, or 'analyzed,' but that included no mention of the subject matter of their activities.  Also, frequent use is made of the abbreviation 're' followed by blank space, leaving the court without an explanation of the task's purpose.").  Berglund's request to deduct hours because of the "repetitive and uninformative nature of the time entries" is denied.

### 2.  Time on Unrelated Motion

Berglund contests Boeing's request for reimbursement of 19.40 hours for Spear's work in preparing a "motion for attorneys' fees," during January 2011.  (Second Koh Decl. Ex. A at 6-7.)  For clarification, Boeing is not seeking attorney fees to prepare the present Statement of Costs Pursuant to the Court's December 13 Order.  *See, e.g., Thompson v. Gomez*, 45 F.3d 1365, 1367-68 (9th Cir. 1995) (attorney fees requests for work litigating attorney fees are treated the same as for work performed on the merits of the dispute).  Rather, the entries are for an attorney fee motion prepared prior to the court's award of fees and costs and are unrelated to the court's monetary sanctions award in this case.  In addition, the challenged attorney fees motion was never filed in the course of this litigation.  Simply put, there is no basis to award the requested hours and, accordingly, the 19.40 hours requested for Spear's work preparing a motion for attorney fees are disallowed.  Fees will not be granted on the following requested entries:

| | | | |
|---|---|---|---|
| 01/11/11 | R. Spear | 2.50 | Prepare motion for attorneys' fees; |
| 01/12/11 | R. Spear | 3.00 | Prepare motion for attorneys' fees; |

| 01/14/11 | R. Spear | 3.00 | Prepare motion for attorneys' fees; |
| 01/17/11 | R. Spear | 3.50 | Prepare motion for attorneys' fees; |
| 01/20/11 | R. Spear | 4.70 | Prepare motion for attorneys' fees; |
| 01/21/11 | R. Spear | 2.50 | Prepare motion for attorneys' fees; |
| 01/22/11 | R. Spear | 0.20 | Prepare motion for attorneys' fees; |

### 3.  Time Unrelated to the Court's Monetary Sanctions Award

Berglund asks the court to reduce, by one half, Koh's travel time to Portland in connection with attending oral argument on the pending summary judgment and sanctions motions. Berglund maintains Koh would have otherwise incurred those hours by his appearance at the summary judgment hearing. Additionally, Berglund argues the time charged by Calvin Keith for oral argument preparation should be disallowed because Keith argued only the summary judgment motion and Boeing did not prevail on that motion.

Boeing was not awarded fees for work related to its summary judgment motion. Nor does Boeing assert any basis for a fee award on that unsuccessful motion. Further, at oral argument Keith presented Boeing's summary judgment arguments, and Koh handled the sanctions request. As such, the court will disallow 16.6 hours[7] of Keith's time accrued in preparing for oral argument on the summary judgment motion. Fees will not be granted on the following requested entries:

| 03/17/11 | C. Keith | 1.10 | Review briefing regarding hearing issues and prep; |
| 03/18/11 | C. Keith | 0.70 | Review reply brief; |
| 06//07/11 | C. Keith | 0.30 | Review documents regarding argument prep; |
| 07/06/11 | C. Keith | 1.40 | Review cases in preparation for oral argument; |

---

[7]The court will not disallow .4 of an hour requested by Koh for communications with Keith in September 2011, regarding contacting the court about the pending motions.

| 07/11/11 | C. Keith | 3.90 | Review case law regarding oral argument; review briefing; |
| 07/12/11 | C. Keith | 4.40 | Prepare for oral argument; conference regarding preparation and motions; |
| 07/13/11 | C. Keith | 4.80 | Prepare for and attend hearing; conference regarding sanctions motion; |

(Second Koh Decl. Ex. A at 8-9.)  In addition, the court notes Koh has appeared at every oral argument in this litigation and, presumably, even in the absence of the sanctions issue, Koh would have attended oral argument on the motion for summary judgment.  Accordingly, the court will reduce Koh's requested $469 for travel to Portland by one half, $234.50.

Finally, Berglund urges the court to either disallow the remainder of Keith's time or "apply an across-the-board reduction" because it was unnecessary for two partners to work on this matter, particularly as Keith was simply "local counsel" a role that could have been filled by a less experienced (expensive) attorney.  (Pl.'s Second Objection Statement of Costs 9.)  Based upon a careful reading of Berglund's objections, he does not appear to argue the work of Keith of Koh was duplicative.  Rather, Berglund argues Boeing has failed to explain "why it was necessary or appropriate to have two senior partners working on the case at all . . . ." (Pl.'s Second Objection Statement of Costs. 9.)  In the absence of a more specific challenge to Keith's work in this matter, supported by legal argument and evidence, the court declines to apply a global reduction to Keith's hours simply because Berglund feels the case should have been staffed differently.  *See, e.g.,* *Moreno*, 569 F.3d at 1114 (courts may not set attorney fees based upon how other firms may have staffed a case); *accord Jones v. County of Sacramento*, No Civ. S-09-1025 DAD, 2011 WL 3584332, *at 14 (E.D. Cal. 2011) (principle applied to request for reduction in hours for second attorney).

II.    Hourly Rate

As set forth above, Boeing seeks hourly rates of $336 for Koh and $384 for Keith, both

partners in their law firm; $203 and $250 as hourly rates for two associate attorneys, Meyers and

Spear, respectively, $158 hourly for paralegal Doyal, and $72 hourly for paralegal assistant Wilson.

Berglund does not challenge the requested hourly rates with any specificity, rather it acknowledges

the Oregon State Bar's 2007 Economic Survey is the starting place for the court to determine

appropriate hourly rates. Berglund also references the *Kerr* factors to be considered by the court

when analyzing a claim for fees. *See Kerr*, 526 F.2d at 70. With respect to the *Kerr* factors,

Berglund insists that at least three of the factors – novelty/difficulty, skill required and preclusion

of other work – militate against an award of hourly rates higher than the median rates set forth in

the 2007 Economic Survey.

The law is well-established that the reasonable rate for legal services is to "be calculated

according to the prevailing market rates in the relevant community." *Blum,* 465 U.S. at 895. A

reasonable hourly rate is determined by looking at the prevailing rate in the relevant community for

similar work performed by attorneys of comparable skill, experience, and reputation. *See Barjon

v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997); *see also Welch v. Metro. Life Ins. Co.*, 480 F.3d 942

(9th Cir. 2007) (district court abused its discretion in ERISA case when it awarded attorney fees at

a rate of $250/hour, even though the only evidence in the record indicated that attorneys in relevant

legal market charged $375-$400/hour for similar work). "The fee applicant has the burden of

producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates

are in line with those prevailing in the community for similar services of lawyers of reasonably

comparable skill and reputation." *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir.

1987). "Affidavits of the [prevailing] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff's attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

The best evidence of the prevailing rate in Portland, Oregon, is the 2007 Economic Survey conducted by the Oregon State Bar. The 2007 Economic Survey sets forth rates actually charged by Oregon attorneys in 2006, including rates specific to communities such as Portland. *See, e.g., Roberts v. Interstate Distributor Co.*, 242 F. Supp. 2d 850, 857 (D. Or. 2002) (referencing 2002 Economic Survey); *see also* Message from the Court Regarding Attorney Fee Petitions, *available at* http://www.ord.uscourts.gov/attorney_fee_statement.pdf (last visited April 25, 2012) (same). As this court previously stated, the Oregon State Bar's 2007 Economic Survey "is a bellwether for the market price of attorney services in Portland, and the court affords it significant weight in at least establishing a starting point for reasonable rates." *McElmurry v. U.S. Bank Nat'l. Assoc.*, No. 04-642-HA, 2008 WL 1925119, at *3 (D. Or. April 30, 2008).

The pertinent 2006 hourly wage data for attorneys based on years of practice in relevant community set forth in the 2007 Economic Survey are summarized below:

| Years | Median | 75th Percentile | 95th Percentile |
|-------|--------|-----------------|-----------------|
| 0-3   | $180   | $190            | $216            |
| 7-9   | $200   | $234            | $317            |
| 16-20 | $275   | $325            | $387            |
| 21-30 | $275   | $325            | $399            |

Boeing argues the hourly wage set forth in the 2007 Economic Survey should be adjusted upward based upon inflation rates. (Def.'s Statement of Costs Pursuant to Court's Feb. 10 Order 3, citing *Jordan*, 815 F.2d at 1263 n.7 ("The use of current rates is one method of compensating for the

17 – OPINION AND ORDER                                                    [LB]

effects of inflation, and may be required if the effects of inflation would otherwise render the fee

award unreasonable.").) In *Salinas v. Beef Northwest Feeders, LLC*, No. CV-08-1514-PK, 2010 WL

1027529, *9 (D. Or. March 1, 2010), this court determined "[a]n appropriate method for adjusting

the foregoing rates for inflation . . . is to multiply the 2006 rates times the consumer price index for

urban consumers ('CPI-U') for the years in which the fees were incurred, then dividing the resulting

quotients by the CPI-U for 2006."

Here, the majority of Boeing's requested fees were incurred in 2010 and 2011. The court

takes judicial notice that the United States Department of Labor's Bureau of Labor Statistics has

published an average annual CPI-U for Portland-Salem of 201.1 for 2006, 218.344 for 2010, and

224.590 for 2012. *See* Bureau of Labor Statistics, Portland-Salem, OR-WA, Consumer Price Index,

*available at* http://www.bls.gov/ro9/9235.pdf (last visited May 16, 2012). Applying the formula set

forth in *Salina*, the inflation-adjusted prevailing rates in Portland for 2010:

| Years | Median | 75th Percentile | 95th Percentile |
|-------|--------|-----------------|-----------------|
| 0-3   | $195.4 | $206.2          | $234.5          |
| 7-9   | $217.1 | $254.0          | $344.1          |
| 16-20 | $298.5 | $352.8          | $420.1          |
| 21-30 | $298.5 | $352.8          | $433.2          |

Applying the formula set forth in *Salina*, the inflation-adjusted prevailing rates in Portland for 2011:

| Years | Median | 75th Percentile | 95th Percentile |
|-------|--------|-----------------|-----------------|
| 0-3   | $201.0 | $212.2          | $241.2          |
| 7-9   | $223.3 | $261.3          | $354.0          |
| 16-20 | $307.1 | $362.9          | $432.2          |
| 21-30 | $307.1 | $362.9          | $445.6          |

In support of its hourly rate requests, Boeing submitted a declaration from Koh, which set forth a

detailed account of the years of experience and the areas of expertise for all of the attorneys and

paralegals requesting reimbursement. (Second Koh Decl.2-3.)

Turning now to the requested hourly rates for each attorney, the pertinent hourly wage data for attorneys based upon Keith's and Koh's years of practice, 30 and 18, respectively, set forth in 2007 Economic Survey, and adjusted for inflation, [8]is summarized below:

| Years | Median | 75th Percentile | 95th Percentile |
|-------|--------|-----------------|-----------------|
| 16-20 | $302.8 | $357.8 | $426.1 |
| 21-30 | $302.8 | $357.8 | $439.4 |

The court finds the requested hourly rates of $384 for Keith and $336 for Koh, both partners in their law firm, to be reasonable. Although Keith's requested hourly rate exceeds the 75the percentile, his 30 years of experience in 2010-11, places him at the end of the 21-30 year range and, therefore, an upward adjustment is appropriate. Koh's requested hourly rate of $336 is below the 75th percentile and is reasonable based upon the work performed in the course of this lengthy litigation. *See, e.g.,* *McElmurry*, 2008 WL 1925119, at *3 ("[e]xperienced senior attorneys who are specialists in [their field] will receive an hourly rate at the 75th percentile for their level").

Next, Boeing seeks $203 and hour for associate attorney Meyer who, during the relevant time period, possessed 8 years of experience. The requested $203 rate for Meyer falls well below the inflation adjusted median of $220.2 (average of 2010 and 2011) for attorneys with 7-9 years of experience, and is reasonable. With respect to the second associate attorney, Spear, Boeing asks for an hourly rate of $250. According to Koh's declaration, Spear graduated from law school in 2007, and was admitted to the Washington Bar in 2008. Thus, during 2010 and 2011, Spear had 3 years of experience. The requested hourly rate of $250 for Spear is well beyond even the inflation-adjusted 95th percentile rate of 237.8 (average of 2010 and 2011), for attorneys with similar experience. Boeing provides no evidence or even an explanation why Spear should command a rate

---

[8]The table sets forth the averages of 2010 and 2011, inflation-adjusted rates.

beyond the 95th percentile, or beyond that of his more experienced colleague, Meyer, for his work in this case. Accordingly, the court will reduce the requested hourly rate for Spear to $209, the average of the 2010-2011 inflation-adjusted rates for the 75 percentile of attorneys admitted to practice for 3 years. The court's use of the 75th percentile rate is consistent with the result reached in *McElmurry*. 2008 WL 1925119, at *1, *3.

Finally, the court must consider an appropriate hourly rate for paralegal Doyal, and paralegal assistant, Wilson. Boeing seeks $158 per hour for the work performed by Doyal in this litigation, and $72 hourly for Wilson's efforts. While Berglund does not oppose the requested hourly rate for Doyal and Wilson, the court must nevertheless determine whether the requested rates are reasonable. Boeing has provided no information regarding the reasonable hourly rates for paralegals in the Portland area. Nor did it provide any evidence regarding the education and experience of either Doyal or Wilson. Rather, Koh simply states: "The hourly rates charged in this case for Tricia Doyal, a paralegal, and Jamaica Wilson, a paralegal assistant, were typical of the rates charged for paralegals and paralegal assistants in our office." (Second Koh Decl. ¶ 8.) Given this scant record, the court chooses to follow two recent decisions from this district awarding an hourly rate of $125 for paralegal work. *See Davis v. Wal-Mart Stores, Inc.*, No. 3:09-cv-01488-MO, 2012 WL 1424105, at *3 (D. Or. April 23, 2012); *Franklin v. Clarke*, No. 1:10-cv-00382-CL, 2012 WL 1309191, at *4 (D. Or. April 16, 2012). Accordingly, Doyal's rate is reduced to $125 per hour. However, the requested rate of $72 for paralegal assistant is allowed. *See Davis*, 2012 WL 1424104, at *3 (legal assistant awarded $95 hourly rate).

III.    Fees Awarded

Based upon the foregoing discussion regarding the number or hours reasonably expended on the litigation and the reasonable hourly rates, attorney fees should be awarded in the amount of $74,964.50. The court's lodestar calculations are summarized as follows:

| Name | Rate | Hours Requested | Hours Permitted | Amount Awarded |
|---|---|---|---|---|
| Keith | $384 | 29.6 | 8.99 | $ 3,452.16 |
| Koh | $336 | 124.9 | 92.21 | $30,982.56 |
| Meyers | $203 | 51.1 | 43.11 | $ 8,751.33 |
| Spear | $209 | 137.5 | 118.10 | $24,682.90 |
| Doyal | $125 | 51.1 | 42.69 | $ 5,336.25 |
| Wilson | $ 72 | 4.4 | 4.40 | $   316.80 |

Total Attorney Fees Awarded:                                        $73,522.00

| Cost Item | Amount Requested | Amount Awarded |
|---|---|---|
| Deposition Travel | $825 | $ 825.00 |
| Motion Travel | $469 | $ 234.50 |
| Westlaw Charges | $384 | $ 383.00 |

Total Costs Awarded:                                        $1,442.50

*Conclusion*

Based upon the foregoing, Boeing's Statement of Costs Pursuant to the Court's December 13 Order (doc. #236) is GRANTED, in part, and DENIED, in part as follows: Boeing is awarded attorney fees and costs in the amount of $74,964.50

IT IS SO ORDERED
DATED this 21 day of May 2012

John V. Acosta
United States Magistrate Judge